IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-20420

Summary Calendar

---

SHERRILYN WILLIAMS,

Plaintiff-Appellant,

versus

TRAVELERS INSURANCE CO.,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas

---

USDC No. H-95-4797

September 18, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Sherrilyn Williams appeals the district court's order dismissing with prejudice her claims against her former employer, Travelers Insurance Company. We find no error and affirm.

I

Williams initially filed this suit in Texas state court and alleged three causes of action under Texas law: wrongful

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

termination in retaliation for filing a workers' compensation claim, termination based on gender discrimination, and intentional infliction of emotional distress. Invoking diversity jurisdiction, Travelers removed the matter to federal district court. Williams did not make a formal motion for a remand to state court and did not challenge the federal court's authority to hear a matter arising under a state workers' compensation statute until more than three months after removal.

In connection with two pre-trial conferences, the court requested the parties to submit documents to support their factual assertions. Williams claimed in her original petition that her personnel file "did not contain any complaints or incidents which would necessitate disciplinary action or the termination of her employment." The court discovered, however, that Williams's file contained a series of memoranda in which Travelers notified Williams that her performance was inadequate. More than five months before termination—and more than three months before the injury at the heart of Williams's workers' compensation claim—Travelers issued a "final warning," which stated that Williams would be fired if she continued to fall below standards in specific areas.

Based on the contents of Williams's personnel file, the court dismissed the suit with prejudice. The court explained in its brief opinion that Williams's claims had been "disproved

2

absolutely" and that poor performance, rather than Williams's workers' compensation claim, was the basis of her termination.

II

As a preliminary matter, Williams argues that federal courts lack subject-matter jurisdiction over claims that arise under state workers' compensation laws. It is true that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C.A. § 1445(c) (1994). This statute, however, speaks simply to the parties' procedural rights rather than to the jurisdictional reach of the federal courts. St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 587-88 (5th Cir. 1994); Williams v. AC Spark Plugs, 985 F.2d 783, 786-88 (5th Cir. 1993). Perhaps the plaintiff could have taken advantage of her procedural right to a remand to the Texas state court system if she had moved for a remand within thirty days of Travelers's notice of removal. See 28 U.S.C.A. § 1447(c) (1994). But because she failed to act within the thirty-day period, she waived her opportunity to have a state court hear her complaint. The federal district court had diversity jurisdiction and did not overstep its authority in ruling on Williams's lawsuit.

Williams further contends that the dismissal violated Fed. R. Civ. P. 56(c), which requires summary judgment motions to be served

3

at least ten days before a hearing.  In this case, the court entered its dismissal three days after its March 19 request for employment documents.  Although the court's order did not specify whether Williams had failed to state or claim or had instead failed to present adequate summary judgment evidence, we view the dismissal as the result of a failure in the pleadings under Rule 12(b)(6).  Williams's complaint stated that "her personnel record did not contain any complaints or incidents which would necessitate disciplinary action or the termination of her employment."  The most casual reading of the personnel file demonstrates that this assertion is false.  Williams has not contested the authenticity of the documents furnished by Travelers.  Instead, she characterizes the documents as summary judgment evidence to which she had inadequate opportunity to respond.  But her complaint itself introduces the file as the basis of her suit, and a court can properly consider such documents on a motion to dismiss, even when the opposing party actually submits them to the court. See Pension Benefit Guar. Corp. v. White Consolidated Indus., 998 F.2d 1192, 1196 (3d Cir. 1993) (expressing concern that "a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied"), cert. denied, 510 U.S. 1042 (1994); Lovelace v. Software Spectrum, Inc., 78 F.3d 1015, 1017-18 & n.1 (5th Cir. 1996) (citing Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir. 1991)) (allowing a court to inspect SEC documents outside of the pleadings in ruling

4

on a motion to dismiss for failure to state a claim); Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), cert. denied, 114 S. Ct. 2704 (1994). The personnel records reveal that Williams cannot possibly prevail on her theory that her workers' compensation claim caused Travelers to fire her. The district court properly reached the conclusion that Williams's complaint failed to state a claim upon which relief could be granted.

Finally, Williams asserts that the court failed to address her claims for gender discrimination and intentional infliction of emotional distress. The court's order and opinion made no specific reference to these claims. We are satisfied, however, that the court committed no error in dismissing them. In light of the personnel record, Williams has alleged no facts that suggest outrageous conduct, severe emotional distress, or gender as a causal element in Travelers's decision to terminate her employment.

The judgment of the district court is AFFIRMED.